Good morning, Your Honors. May it please the Court, Carolyn Wiggin from the Federal Defender's Office in Sacramento for Mr. Stone. And I will try to reserve two minutes for rebuttal if I can. Your Honors, this case is about statutory construction. In Flores-Figueroa, the Supreme Court laid out that when determining whether the elements of a criminal statute have a mens rea requirement, first and foremost, primarily, we should look to the text of the statute. And in reading the statute, we should use the ordinary rules of English grammar. When those things lead us to a result, normally that is enough to determine whether an element has a mens rea requirement. Now, one of the rules of grammar that they talk about in Flores-Figueroa is the rule that when an adverb modifies a verb, it normally modifies that verb as to the entire object that follows the verb. So in this case, we have 18 U.S.C. 924-A2, which says that it is a crime to knowingly violate 922-G. 922-G has three elements. And there's... 922-G doesn't have any knowingly in it as an adverb. Correct. But this Court and all circuits that have considered it have said that the knowingly of 924-A2 is the mens rea requirement for 922-G. What we're talking about is a jurisdictional element. Are there any cases that say that a jurisdictional element, that a defendant must know of the jurisdictional element and that must be proved to the satisfaction of a jury beyond a reasonable doubt? When the language of the statute... Are there any cases? Well, Your Honor, I have not found a case where the language of the statute is quite like the language of 924-A2 and 922-G combined. There are no – in cases where the language does not make – does not have a – does not suggest that there's a mens rea requirement for a jurisdictional element, then no. There's no other principle that says the government must prove mens rea as to a jurisdictional element. Here, the language of the statute, my argument is, is that Congress has made – has applied knowingly to all three parts of 922-G. And there's no case that says that when Congress does that, the Court should read that out of the statute. So that's what I'm relying on. Well, you're running – you run headlong into Howery and a couple other cases that we have that are irreconcilable with your argument. We're bound by the decisional law of our own circuit, and it seems to me the only way we could change that would be with a bank ruling, because Flores-Figueroa isn't all that clear. Well, Your Honor, I think the reasoning and the logic of Flores-Figueroa is clear as to how a court should approach a statute. So you're asking us to overrule our own precedent? In light of Flores-Figueroa. That's pretty hard for a three-judge panel to do. Well – Every time I've tried it, it hasn't worked. Your Honor, if I could just – I was thinking about that yesterday as I was doing last-minute preparation, and if I could just get a case here. And this is not the only decision on point, but there's a case, Miller v. Gowney. Yeah, Miller v. Gowney. I'm familiar with that. Okay. So when – And it doesn't work in the Ninth Circuit. Well, Your Honor, you know, surely, surely – I think it says what this panel can do is that when the reasoning of its precedent is called into question or is eradicated by a Supreme Court decision, a three-judge panel can go ahead and apply the new Supreme Court decision. But it has to be pretty clear – Right. – that the case is eradicating our precedent, almost as clear as naming the case. Well, I think that in this case, we have a Supreme Court case that says, usually just apply the rules of English grammar. Usually the rules of English grammar are that when the adverb modifies the verb – Usually, you see.  Well, there can be powerful legislation – Justice Alito said we've got to be careful here because this could escape like a wild animal from a zoo and cause all kinds of trouble. Right. I'm aware of that concurrence. And, you know, I think that he said read it in the context. Here, you know, we've talked about what the legislative history is. There's not much on this point, but it is clear that in 1986, Congress very deliberately added knowingly. And it gave no – it said we're adding this because we want the conduct to be knowing as to all circumstances of the offense. It gave no indication that it was pulling out one out of three of these elements. And so I think that in this case, it is a proper application of Flores-Figueroa to – Flores-Figueroa didn't address the jurisdictional hook, though. It addressed the elements of the offense. Yeah. There's not a word in Flores-Figueroa about jurisdictional elements. Not a word. This is true. This is true. And I'm – my argument is that I agree there's a lot of precedent saying that there's no reason that Congress has to say there's a mens rea requirement as to a jurisdictional element. But when they do say it, when the language is clear, there's also no precedent saying you should read it out of the statute. You're right. They could say it if they wanted to, and then we'd be stuck with it. And I – my argument is this is a case where they did say it because they applied knowingly to the entirety of 922G. Isn't it significant, though, that the mens rea requirement here is in a different section of the statute? You know, in some ways I think it – It certainly makes the Supreme Court case distinguishable, it seems to me. It is a different type of text for reading, but – And that's why Miller doesn't work. I disagree because I believe that the holding can be described as, you know, this is what – how knowingly works in a sentence. Use that general knowledge of how knowingly right before a verb works in a sentence. It modifies the entire object. Here the object is 922G. Well, if we rule against you, you'll have an opportunity to argue in front of 11 of us. That would be exciting. I have not done that yet. So I thank you for listening to this first part of my argument, and if the Court has no additional questions, I'll save my time for rebuttal. Thank you, counsel. Thank you. Good morning, Your Honors. My name is Kim Sanchez. I was the trial attorney in this case, and I also prepared the appellate brief. I think I'm going to take a lesson from law school that sometimes the best thing to say is nothing at all if the Court has no questions. I would submit on my brief. I only would say that I agree that this is a jurisdictional question that is absolutely, abundantly clear with this Court's precedent. And so if there are no other questions, I am going to sit down. You don't want to try to snatch defeat from the jaws of victory? This is a first. We'll take you up on your offer. Thank you. Thank you, Your Honors. Well, there's nothing to rebut, so. Thank you, counsel.
judges: Cudahy, Trott, Rawlinson